# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MARK JACKSON and<br>LYNNETTE JACKSON,<br>husband and wife,<br><br>      Plaintiffs,<br><br>v.<br><br>GARY L. KEENEY, M.D., MAYO<br>CLINIC, a Minnesota Corporation, and<br>MAYO COLLABORATIVE SERVICES,<br>LLC, d/b/a MAYO MEDICAL<br>LABORATORIES,<br><br>      Defendants. | Case No. 17-CV-4166 (NEB/TNL)<br><br><br>ORDER ON MOTIONS<br>IN LIMINE |

Trial in this case is set to start April 1, 2019. The Court held a pre-trial conference on March 26, 2019, during which the Court considered eight Motions in Limine filed by Plaintiffs Mark and Lynnette Jackson,[1] [ECF Nos. 64, 67, 70, 73, 76], and three Motions in Limine filed by Defendants Gary L. Keeney, M.D., Mayo Clinic, and Mayo Collaborative Services, LLC (collectively "Defendants"), [ECF No. 87]. Also before the Court is Plaintiffs' Motion for Attorney-Conducted Voir Dire. [ECF No. 63.] The Court makes the following rulings to apply to trial.

---

[1] The Court hereinafter refers to Plaintiff Mark Jackson as "Jackson".

1

**ANALYSIS**

## I. Plaintiffs' Motion for Attorney-Conducted *Voir Dire*

As an initial matter, Plaintiffs move the Court for attorney-conducted *voir dire*. Though the Court recognizes Plaintiffs' arguments under the ABA's Principles for Juries and Trials cited in their brief, Fed. R. Civ. P. 47(a) provides that "[t]he court may permit the parties or their attorneys to examine prospective jurors or may itself do so." Here, the parties have submitted proposed *voir dire* that the Court has incorporated into its *voir dire*. The parties will also be afforded the opportunity to request that the Court ask additional questions during the jury selection process. Plaintiffs' motion is denied.

## II. Plaintiffs' Motions in Limine

### 1. Motion to Exclude Hearsay Comment in Medical Record

In their first Motion in Limine, Plaintiffs move the Court for an order excluding the following sentence from the medical record: "As I mentioned in my telephone conversation, I agree with your diagnosis of non-small cell carcinoma." Dr. Gary Keeney included this sentence as a diagnosis comment in his written report of his original diagnosis, which he sent to Dr. Steven Baker, Jackson's treating physician.

Plaintiffs argue that Dr. Keeney's written report itself is hearsay and that the statement in question is hearsay within hearsay violating Rules 801 and 802 of the Federal Rules of Evidence. Defendants argue that Dr. Keeney's written statement is not hearsay

because it is not being offered to prove the truth of the matter asserted and, even if it is hearsay, the statement at issue falls under several exceptions to the hearsay rule including: (1) Rule 803(6), which allows records of a regularly conducted activity (e.g. medical records) to be admitted; (2) Rule 803(4), which allows statements made for medical diagnosis or treatment; and (3) Rule 803(5), because the written statement qualifies as a "recorded recollection." [ECF No. 98.] Additionally, Defendants argue that Dr. Keeney's written statement is admissible under Rule 807.

Hearsay evidence is generally excluded from testimony. Fed. R. Evid. 802. But exceptions to the hearsay rule include records of a regularly conducted business activity, recorded recollection, or a statement made for medical diagnosis or treatment. *See* Fed. R. Evid. 803(4) – (6). Here, even if Dr. Keeney's written statement is hearsay, it clearly falls under Fed. R. Evid. 803(4) and 803(6), as a statement made for medical diagnosis or treatment and a record of a regularly conducted activity. Plaintiffs' motion to exclude Dr. Keeney's written statement is denied.

## 2. Motion Regarding After-the-Fact Diagnosis

In their second Motion in Limine, Plaintiffs seek to exclude evidence and testimony from Dr. Syed Kazmi about his review of Jackson's pathology slides three days after the removal of Jackson's lung, and to exclude Dr. Kazmi's corresponding pathology report. Plaintiffs argue that Dr. Kazmi's diagnosis is not relevant and should be excluded under Fed. R. Evid. 402 and 403. Plaintiffs further argue that Dr. Kazmi's diagnosis would

3

be duplicative and should be excluded because it was not conducted under substantially similar circumstances as the initial diagnosis. *See Nesbitt v. Sears, Roebuck & Co.*, 415 F.Supp.2d 530, 535-36 (E.D. Pa. 2005). Defendants argue that Dr. Kazmi's testimony is relevant and that Plaintiffs' arguments go to the weight and credibility of Dr. Kazmi's testimony, not to its relevance or admissibility.

First, the *Nesbitt* case cited by the Plaintiffs is inapposite because it is a products liability case dealing with whether prior accidents concerning the same product could be admitted into evidence to establish the dangerous nature of that particular product. *See* 415 F.Supp.2d at 535. Second, exclusion under Rule 403 is "an extraordinary remedy and should be used sparingly." *Westcott v. Crinklaw*, 68 F.3d 1073, 1077-78 (8th Cir. 1995) (citing *Hogan v. American Tel. & Tel. Co.*, 812 F.2d 409, 411 n.2 (8th Cir. 1987). Here, the testimony of Dr. Kazmi is relevant and it does not meet the standard for exclusion under Rule 403. Dr. Kazmi's testimony and diagnosis does not risk confusing the jury and it not duplicative. Dr. Kazmi came to his diagnosis as part of a routine review, and his process will be allowed to be presented to the jury. Plaintiffs' Motion in Limine seeking to exclude Dr. Kazmi's testimony and diagnosis is denied.

### 3. Motion to Exclude Nebraska Lawsuit

In their third Motion in Limine, Plaintiffs move the Court for an order excluding any evidence at trial concerning a Nebraska lawsuit alleging Dr. Baker's negligence.[2] Plaintiffs argue that the Nebraska lawsuit is irrelevant and confusing to the jury and that admission would violate the principles of *Kelly v. Ellefson*, 712 N.W.2d 759 (Minn. 2006) (upholding exclusion of evidence in wrongful death case of a prior dram shop action against the bar that served defendant driver before the incident). Defendants have agreed the lawsuit will not be presented unless through impeachment of witnesses. Given this limitation, Plaintiffs' motion is granted. Reference to the Nebraska lawsuit may only be used for impeachment purposes assuming impeachment is otherwise proper, and such rulings are reserved for trial.

### 4. Motion to Exclude Reference to Chewing Tobacco or E-cigarette Use

In their fourth Motion in Limine, Plaintiffs move the Court for an order precluding any evidence or reference to Jackson's chewing tobacco or e-cigarette use after his lung was removed.[3] Plaintiffs argue that the medical records referencing Jackson's post-

---

[2] Prior to commencing the current action, Plaintiffs brought a Nebraska lawsuit against Dr. Baker, the pathologist who first examined Jackson's tumor biopsy in November 2013. Plaintiffs ultimately dismissed that lawsuit after Dr. Baker testified during his deposition that he did not know what kind of cancer Jackson had and that he sent the biopsy to Dr. Keeney at the Mayo Clinic. [*See* ECF No. 71 at 1-2.]

[3] Plaintiffs do not request that the Court exclude evidence of cigarette use prior to Jackson's lung removal surgery in December of 2013.

surgical use of chewing tobacco and e-cigarettes are irrelevant and even if such evidence were relevant that any probative value is outweighed by its prejudicial effect under Fed. R. Evid. 402 and 403. Courts have recognized that alcohol and tobacco use are inflammatory and have excluded such evidence on Rule 403 grounds. *See, e.g., Meller v. Heil Co.*, 745 F.2d 1297 (10th Cir. 1984); *Morris v. Bland*, 666 F.App'x 233 (4th Cir. 2016). Yet courts have also recognized that tobacco use is relevant in determining life expectancy and is not unfairly prejudicial. *See, e.g., In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2016 WL 4410008, at *5 (S.D.N.Y. Aug. 18, 2016).

Here, Jackson's post-surgical use of chewing tobacco and e-cigarettes is clearly relevant. Thus, the question is whether evidence of that use is unfairly prejudicial to Plaintiffs. The Court finds that it is not. The jury will be tasked with determining Jackson's life expectancy and Defendants intend to call Dr. Bonham, a pulmonologist, to testify about Jackson's respiratory condition and life expectancy. The probative value of Jackson's post-surgical use of chewing tobacco and e-cigarettes is not substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Plaintiffs' motion is denied.

### 5. Motion Concerning Marital Issues

In their fifth Motion in Limine, Plaintiffs seek to preclude evidence, testimony, or argument regarding prior marital issues. [*See* ECF No. 77.] Defendants do not oppose this motion. Accordingly, this motion is granted as unopposed.

### III. Defendants' Motions in Limine

**1. Motion to prohibit the treating pulmonologist, Dr. Cantral, and Plaintiffs' other disclosed non-pathology experts, from stating expert opinions regarding pathology standards of care**

In their first Motion in Limine, Defendants seek to prohibit the treating pulmonologist, Dr. Cantral, and Plaintiffs' other disclosed non-pathology experts from stating expert opinions regarding pathology standards of care, alleged violations of pathology standards of care, and topics and issues for which they lack qualifications and foundation. The Court reserves ruling on this motion until Dr. Cantral's testimony at trial. The remainder of Defendants' motion is granted as unopposed because Plaintiffs stated at the pre-trial that they do not intend to ask such questions.

**2. Motion to prohibit "improper arguments"**

In their second Motion in Limine, Defendants seek to prohibit improper arguments by Plaintiffs' attorneys such as the "safety rule" argument, the "send a message" argument, the "protect the community" argument, and the "Golden Rule" argument. Defendants argue that all testimony or argument using these "improper arguments" should be excluded as not relevant, confusing, and unfairly prejudicial under Fed. R. Evid. 402 and 403. Defendants argue further that Minnesota courts have long recognized that these types of arguments are improper and meant to appeal to the jurors' passions and prejudice. While this argument is correct, this subject is more appropriately addressed at trial. The Court declines to preclude particular language devoid of context

and will address each objection as it comes at trial. The Court reserves ruling on this motion.

### 3. Motion to prohibit attorneys and experts from commenting about personal practices

In their third Motion in Limine, Defendants seek to prohibit attorneys and experts from commenting about personal practices. [*See* ECF No. 87 at 7.] Plaintiffs do not oppose this motion. Accordingly, this motion is granted as unopposed.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion for Attorney-Conducted Voir Dire [ECF No. 63] is **DENIED;**

2. Plaintiffs' Motion to Exclude Hearsay Comment in Medical Record [ECF No. 64] is **DENIED;**

3. Plaintiffs' Motion Regarding After-the-Fact Diagnosis [ECF No. 67] is **DENIED;**

4. Plaintiffs' Motion to Exclude Nebraska Lawsuit [ECF No. 70] is **GRANTED;** except reference to the Nebraska lawsuit may be made for proper impeachment purposes;

5. Plaintiffs' Motion to Exclude Reference to Chewing Tobacco or E-cigarette Use [ECF No. 73] is **DENIED;**

6. Plaintiffs' Motion Concerning Marital Issues [ECF No. 76] is **GRANTED, as unopposed;**

7. Defendants' Motion to prohibit Plaintiffs' treating pulmonologist, Dr. Cantral, and Plaintiffs' other disclosed non-pathology experts from stating expert opinions regarding pathology standards of care [ECF No. 87] is **GRANTED in part and RESERVED in part.** The Court reserves ruling on this motion until Dr. Cantral's testimony at trial; however, the remainder of Defendants' motion is granted because Plaintiffs stated at the pre-trial that they do not intend to ask such questions.

8. Defendants' Motion in Limine to prohibit "improper arguments" [ECF No. 87] is **RESERVED**.

9. Defendants' Motion in Limine to prohibit attorneys and experts from commenting about personal practices [ECF No. 87] is **GRANTED as unopposed.**

Dated: March 28, 2019                         BY THE COURT:

                                              s/Nancy E. Brasel
                                              Nancy E. Brasel
                                              United States District Judge